UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, etc.,
et al.,

      Plaintiffs,

v.                            CASE NO. 8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,
etc., et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 11 Motion to Dismiss or Transfer Venue, or
       in the Alternative, a Motion for More Definite
       Statement
Dkt. 12 Affidavit
Dkt. 13 Affidavit
Dkt. 15 Opposition Memorandum

Plaintiffs' Complaint includes:


| | | |
|---|---|---|
| Count I | Defamation | |
| Count II | Trade Libel or Injurious Falsehood | |
| Count III | Tortious Interference with Contract | |
| Count IV | Tortious Interference with Prospective Business Relationships | |
| Count V | Invasion of Privacy | |
| Count VI | Federal Trademark Infringement Under 15 U.S.C. Sec. 1114(1) | |
| Count VII | Federal Unfair Competition Under 15 U.S.C. Sec. 1125(a) *et seq.* | |
| Count VIII | Contributory Federal Trademark Infringement Under 15 U.S.C. Sec. 1114(1) | |

Case No. 8:11-CV-79-T-17TGW

           Count IX     Vicarious Federal Trademark Infringement
                        Under 15 U.S.C. Sec. 1114(a)
           Count X      Contributory Federal Unfair Competition
                        Under 15 U.S.C. Sec. 1125(a)
           Count XI     Vicarious Federal Unfair Competition Under
                        15 U.S.C. Sec. 1125(a)
           Count XII    Common Law Trademark Infringement
           Count XIII   Common Law Unfair Competition
           Count XIV    Civil Conspiracy

     Plaintiffs seek preliminary and permanent injunctive relief,
the award of compensatory damages, the award of punitive damages,
and the award of attorney's fees and court costs.

     The basis of jurisdiction is diversity, and federal
question.  The state law claims are based on the same facts
asserted in federal claims.


I.  Motion to Dismiss

     Defendant Nowak moves to dismiss the Complaint for failure
to state a claim, lack of standing, lack of personal
jurisdiction, and improper venue; in the alternative, Defendant
Nowak moves for a more definite statement.


A.  Failure to State a Claim

     Defendant Nowak moves to dismiss for failure to state a
claim.  Defendant Nowak argues that the Complaint is a "shotgun"
complaint; each successive count incorporates all allegations of
the preceding counts.  In the alternative, Defendant Nowak moves
for a more definite statement.

2

Case No. 8:11-CV-79-T-17TGW

Plaintiffs argue that the Complaint is not a "shotgun"
pleading. Plaintiffs argue that the trademark infringement and
unfair competition claims rest on identical facts in application
to nearly identical law, and that the remaining claims all stem
from the same core of operative facts: Defendant posted false
information on his website in an effort to destroy the reputation
of the individual plaintiffs and the corporate plaintiff.
Plaintiffs argue that Defendant is not faced with the task of
determining the factual and legal basis of the claims.

A "shotgun" pleading is one which incorporates every
antecedent allegation by reference. Wagner v. First Horizon
Pharmaceutical Corp., 464 F.3d 1273 (11th Cir. 2006); Byrne v.
Nezhat, 261 F.3d 1075 (11th Cir. 2001).

After consideration, the Court **grants** the Motion for More
Definite Statement. The Court **denies** the Motion to Dismiss as to
this issue. Plaintiffs shall file an amended complaint which
complies with the Federal Rules of Civil Procedure within
fourteen days.

B. Standing

Defendant Nowak argues that Plaintiff Advantage Trim &
Lumber of Florida, Inc. is a different company than Advantage
Trim & Lumber Company, Inc., a New York corporation, which owns
the federal registered trademarks "Advantage Trim & Lumber" and
"IPEDepot." Defendant Nowak argues that none of the Plaintiffs
own the referenced trademarks, and therefore lack standing to
assert claims of infringement of those marks or claims related to
unfair competition related to Defendant Nowak's alleged use of

3

Case No. 8:11-CV-79-T-17TGW

those marks.

Defendant Nowak moves to dismiss Counts VI, VII, VIII, IX, X, XI, XII and XIII for lack of standing.  Defendant Nowak argues that the remaining claims are state law claims, and those claims also should be dismissed for lack of standing, as the alleged injury is to the New York corporation and not the Florida Plaintiff.  Defendant Nowak also argues that if the real party in interest is the New York corporation, then there is no diversity jurisdiction.

Plaintiffs respond that the ownership of a mark is not dispositive to actions brought under 15 U.S.C. Sec. 1125(a). Plaintiffs argue that the term "registrant" includes the legal representatives of the registrant.  15 U.S.C. Sec. 1127. Plaintiffs argue they are the legal representatives of Advantage Trim & Lumber Company, Inc. and therefore have standing.

Plaintiffs further argue that Defendant's affidavit shows that Defendant knew Plaintiffs purchased a home in Florida in 2006, and that they had business offices "near their home" in Florida.  Plaintiffs argue that Defendant specifically targeted Plaintiffs, with the knowledge that Plaintiffs lived in Florida and the business had an office in Florida.

Plaintiffs rely on Dial Corp. v. Encina Corp., 643 F.Supp. 951, 953 (S.D. Fla. 1986)(quoting FRA S.p.A v. Surg-O-Flex of America, Inc., 415 F.Supp. 421 (1976)) and Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, 2010 WL 5393625, *3 (S.D.Fla. 12/21/2010).

4

Case No. 8:11-CV-79-T-17TGW

Plaintiffs have filed an affidavit attesting that Plaintiffs are legal representatives of Advantage Trim & Lumber Company, Inc.

After considering the allegations of the Complaint and the supporting affidavits, the Court **denies** the Motion to Dismiss for lack of standing.

B.   Subject Matter Jurisdiction

Defendant argues that Plaintiffs have not alleged the statutory minimum amount of damages, $75,000, as to the state law claims.   Defendant argues that even if the Court were to dismiss only the trademark related claims, the remainder of the Complaint must be dismissed for lack of jurisdiction, due to the failure of any federal question jurisdiction and lack of diversity of the parties, and failure to allege the statutory minimum amount.

Plaintiffs rely on the allegation in paragraph 7 (Dkt. 1, p. 2).

The Court **denies** the Motion to Dismiss as to this issue.

C.   Personal Jurisdiction

Defendant Nowak argues that Defendant Nowak does not have sufficient minimum contacts with the State of Florida such that the exercise of personal jurisdiction would comport with due process.   Defendant Nowak argues that his website is passive, allowing viewers to view information on the site; viewers cannot buy goods or services and they cannot post comments.   To the

5

Case No. 8:11-CV-79-T-17TGW

extent that Defendant Nowak's website calls for a boycott of
Advantage Trim and Lumber, and identifies the business' websites,
Plaintiff Nowak contends that the business has showrooms open to
the public only in New York and North Carolina, and not in
Florida.  Defendant Nowak argues that his website does not target
Florida viewers and the events underlying the claims took place
in New York.

Defendant Nowak further argues that the exercise of personal
jurisdiction over Defendant Nowak would offend traditional
notions of fair play and substantial justice, considering: 1) the
burden on the defendant; 2) the forum state's interest in
adjudicating the dispute; 3) the plaintiff's interest in
obtaining convenient and effective relief; 4) the interstate
judicial system's interest in obtaining the most efficient
resolution of controversies; and 5) the shared interest of the
several states in furthering fundamental substantive social
policies.

Plaintiffs rely on Ch. 48.193(1), Florida Statutes, wherein
a non-resident of Florida commits a tortious act within the State
of Florida.  Plaintiffs have included state law tort claims for
defamation, trade libel or injurious falsehood, tortious
interference with contract, tortious interference with
prospective business relationships, and invasion of privacy, as
well as statutory tort claims of trademark infringement and
unfair competition.

Plaintiffs argue that allegedly defamatory material about a
Florida resident placed on the Web and accessible in Florida
constitutes an electronic communication into Florida when the

6

Case No. 8:11-CV-79-T-17TGW

material is accessed in Florida.  <u>Internet Solutions Corp. v.</u>
<u>Marshall</u>, 39 So.3d 1201, 1214 (Fla. 2010).

Plaintiffs argue that the "fair warning" requirement of due
process requirement is satisfied if the defendant purposefully
directed his activities at residents of the forum, and the
litigation results from the alleged injuries that arise out of or
related to the activities.  Plaintiffs argue that intentional
torts are such acts.  <u>Licciardello v. Lovelady</u>, 544 F.3d 1280,
1284 (11th Cir. 2008).  Plaintiffs argue that the intentional
torts, coupled with Defendant's knowledge of Plaintiff's
residence in Florida and knowledge of Plaintiffs had a business
office in Florida, establish Defendant's substantial connection
with Florida under the <u>Calder v. Jones</u> "effects" test.

Plaintiffs further argue that the balance of the fairness
factors is in favor of the exercise of jurisdiction.  Plaintiffs
argue they have a strong interest in obtaining convenient and
effective relief in Florida, where they and their employees live,
where the bulk of Defendant's harm was directed, and where their
corporation is based.  Plaintiffs argue that their income is
based on their online reputation, as they sell products to
clients all over the Internet and throughout the United States.

1.  Long Arm Statute

The Florida long-arm statute permits the exercise of
jurisdiction over a non-resident defendant who commits a tort
outside of the state which causes injury within the state.
<u>Posner v. Essex Insurance Co.</u>, 178 F.3d 1209, 1216 (11th Cir.

Case No. 8:11-CV-79-T-17TGW

1999). To commit a tortious act within the State of Florida, a defendant's physical presence is not required. Committing a tortious act in Florida can occur through telephonic, electronic or written communications into Florida, provided the cause of action arises from the communications. Wendt v. Horowitz, 822 So.2d 1252 (Fla. 2002).

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. Where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. See Madara v. Hall, 916 F.2d 1210 (11th Cir. 1990)(citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

The Complaint alleges intentional torts directed at Plaintiffs. Allegedly defamatory material about Florida residents placed on the Web and accessible Florida constitutes an "electronic communication into Florida" when the material is access in Florida. Internet Solutions Corp. v. Marshall, 39 So.3d 1201, 1206 (Fla. 2010).

The Court finds that Plaintiffs' Complaint meets the requirements of Florida's long arm statute.

8

Case No. 8:11-CV-79-T-17TGW

2.  Due Process

a.  Minimum Contacts

Defendant argues that Defendant does not have sufficient
minimum contacts with the State of Florida such that the exercise
of personal jurisdiction over him would satisfy the requirements
of the Due Process clause.  Defendant argues that his website is
passive and non-commercial in nature.  Viewers cannot buy goods
or services, or post comments.  The website has a "donate"
button, but it is not connected to the support of any particular
endeavor or postings.

Plaintiffs argue that Plaintiffs allege in their Complaint
that Defendant committed trademark infringement and defamation
via Defendant's website, which has been accessed in Florida.
Plaintiffs rely on <u>Licciardello v. Lovelady</u>, 544 F.3d 1280, 1287
(11th Cir. 2008) (effects test met when intentional tort
expressly aimed at specific individual in the forum whose effects
were suffered in the forum).

The Court must determine whether a defendant has
purposefully established significant contact with Florida that he
could reasonably have anticipated that he might be sued there.

The Complaint alleges that Defendant committed the
intentional torts of trademark infringement and defamation via
Defendant's website, which has been accessed in Florida.
Plaintiffs argue that the additional intentional torts alleged in
the Complaint were deliberately directed to Florida.  Plaintiffs
argue that Defendant linked to Plaintiffs' website, which sets
out the existence of Advantage Trim & Lumber of Florida, and

9

Case No. 8:11-CV-79-T-17TGW

business offices in Florida.  Plaintiffs and Defendant have filed
supporting affidavits. Defendant admits that Defendant knew
Plaintiffs lived in Florida and that they had business office in
Florida.  Defendant has visited the business offices in Florida.

     After consideration, the Court finds that Defendant has
minimum contacts with Florida.

b.  Fair Play and Substantial Justice

     Relevant factors to be considered include: 1) the burden on
defendant; 2) the forum state's interest; 3) plaintiff's interest
in convenient and effective relief; 4) the judicial system's
interest in the efficient resolution of controversies; and the
state's shared interest in furthering fundamental social
policies.

     Defendant argues that the exercise of personal jurisdiction
over Defendant is very high, considering his limited financial
means, that Defendant's witnesses are in New York, and that the
underlying events concern real estate in New York and took place
in New York.

     Plaintiffs argue that they have a strong interest in
obtaining convenient and effective relief in Florida, where
Plaintiffs live, where Plaintiffs' employees live, where the bulk
of Defendant's harm was directed, and where their corporation is
based.  Plaintiffs argue that their income is dependent on their
online reputation, as they sell products to clients all over the
Internet and throughout the United States, who will only order if
the good reputation of the company with whom they are dealing is

10