UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, et al.,

    Plaintiffs,

v.                           CASE NO. 8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 45    Motion to Set Aside Entry of Default
Dkt. 48    Opposition

Defendant John Jerome Nowak moves to set aside the entry of Clerk's Default. Plaintiffs oppose Defendant's Motion.

The Amended Complaint was filed on 10/12/2011 (Dkt. 39). The docket for this case shows that Plaintiffs filed the Amended Complaint on 10/11/2011, but that document was terminated and the Amended Complaint was refiled.

Plaintiffs moved for entry of a Clerk's Default on 12/19/2011 (Dkt. 44). A Clerk's Default was entered on 12/20/2011 (Dkt. 43). Plaintiffs then moved for entry of a default judgment (Dkt. 44). On 1/5/2012, Defendant Nowak moved to set aside the entry of Clerk's Default (Dkt. 45). On 1/25/2012, Defendant Nowak filed an Answer and Counterclaim. (Dkt. 49).

Defendant Nowak argues that Defendant has shown good cause to set aside the

Case No. 8:11-CV-79-T-17TGW

entry of Clerk's Default. Defendant Nowak argues that the Amended Complaint was not timely, that Plaintiffs did not serve Defendant with the Amended Complaint, that the Amended Complaint which was served was not complete, and Defendant Nowak was not in a position to know Defendant was required to respond to the Amended Complaint. Defendant Nowak further argues that the additional Defendants were not served, and the Amended Complaint only partially remedies the issues previously raised by Defendant Nowak.

The Court notes that the Court granted Defendant's Motion for More Definite Statement on 9/27/2011, with leave to file an amended complaint within fourteen days (Dkt. 37). Plaintiffs filed the Amended Complaint on 10/11/2011, and refiled it on 10/12/2011/ (Dkts. 38, 39). The Court finds that Plaintiffs' Amended Complaint was timely.

The Court further notes that Defendant signed a return receipt indicating that Defendant Nowak received the Amended Complaint on 10/19/2011 (Dkt. 42-1). Plaintiffs notified Defendant Nowak by letter that the exhibits provided with the Supplemental Complaint which was delivered on 10/3/2011 were the same as the exhibits to the Amended Complaint. The Court finds that Defendant, by his signature, acknowledged receipt of the Amended Complaint, and that the Amended Complaint served on Defendant was not incomplete because an additional copy of the exhibits were not provided with it.

As to service on other Defendants, the Court finds that non-service of the Amended Complaint on other Defendants does not impair service of the Amended Complaint on Defendant Nowak. Plaintiffs moved for entry of a Clerk's Default only as to Defendant Nowak.

Case No. 8:11-CV-79-T-17TGW

The Court notes that Defendant Nowak was initially represented by counsel in this case; Defendant's counsel withdrew from representation. The Court granted the Motion to Withdraw on 8/22/2011, and stayed this case for twenty days to permit Defendant to obtain new counsel (Dkt. 35). Defendant Nowak did not request additional time to obtain new counsel, and has elected to proceed pro se. A pro se plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989). If a Plaintiff chooses to proceed pro se, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

The Eleventh Circuit has expressed that the "good cause" standard is a liberal one. Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion 88 F.3d 948, 951 (11th Cir. 1996). Although " 'good cause' is not susceptible to a precise formula," the Eleventh Circuit has set out some factors which may aid the court in its determination. Id. These factors include, but are not limited to, (1) "whether the default was culpable or willful" which entails an assessment of the plausibility of the defaulting party's excuse; (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," and (4) "whether the defaulting party acted promptly to correct the default." Id.

The Court notes that Defendant Nowak acted reasonably promptly to correct the default by filing Defendant's Motion and by filing Defendant's Answer and Counterclaim, such that any prejudice to Plaintiffs is minimal. The reasons offered by Defendant to explain the default show that, if the default was not willful, Defendant is culpable. The Court has reviewed Defendant's Answer, but it is unclear whether there is a meritorious defense present.

The Court accords due regard to this Circuit's preference for a decision on the merits, with the full participation of the parties. After consideration, the Court grants

Case No. 8:11-CV-79-T-17TGW

Defendant Nowak's Motion to Set Aside Default. Accordingly, it is

**ORDERED** that Defendant Nowak's Motion to Set Aside Default (Dkt. 45) is **granted**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 20th day of June, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record