UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, etc., et al.,

    Plaintiffs/
Counter-Defendants,

v.                                    CASE NO. 8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,
et al.,

    Defendant/
Counter-Plaintiff.

_____/

ORDER

This cause is before the Court on:

Dkt. 58    Motion for Summary Judgment As to Defendant's
              Counterclaim

Defendant/Counter-Plaintiff John Jerome Nowak's Counterclaim (Dkt. 49, pp. 33-40) against Plaintiffs/Counter-Defendants Betty Pelc, Robert Pelc and Advantage Trim & Lumber of Florida, Inc. and Domingo J. Rivera includes Count I, Defamation, and Count II, Tortious Interference With Contract.

Plaintiffs'/Counter-Defendants' Motion for Summary Judgment was filed on 3/23/2012. In the Case Management and Scheduling Order (Dkt. 21, p. 3), the Court directed that "any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b)." Defendant/Counter-Plaintiff Nowak has not filed an opposition. The Court notes that Defendant/Counter-Plaintiff Nowak has filed responses to other motions, and has

Case No. 8:11-CV-79-T-17TGW

requested an extension of time to respond as to other motions (Dkt. 62).

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

II. Discussion

A. Count I - Defamation

In Count I of the Counterclaim, Defendant/Counter-Plaintiff John Jerome Nowak

2

Case No. 8:11-CV-79-T-17TGW

alleges:

> 47. As described herein, Plaintiffs through Domingo J. Rivera has (sic) authored, published, and distributed material false and defamatory statements about Defendant.

Domingo J. Rivera is Plaintiffs'/Counter-Defendants' counsel.

In the "Factual Basis of Claim, " Defendant Counter-Plaintiff Nowak ("Nowak") alleges that Domingo J. Rivera wrote a letter to Nowak, sent the letter by e-mail to Nowak, and e-mailed a letter containing alleged defamatory and false statements to Nowak's host providers.

Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory. See Restatement (Second) of Torts §§ 558B, 580A-580B. See Jews for Jesus v. Rapp, 997 So.2d 1098, 1106 (Fla. 2008).

Plaintiffs moves for summary judgment because Nowak has not alleged any facts sufficient to support a defamation claim against Plaintiffs, including any facts that Plaintiffs published any false or defamatory statements about Nowak. Plaintiffs argue that the Counterclaim does not contain any statements made by Plaintiffs about or concerning Nowak.

After consideration, for the above reason, the Court grants Plaintiffs'/Counter-Defendants' Motion for Summary Judgment as to Count I.

B. Count II - Tortious Interference with Contract

Case No. 8:11-CV-79-T-17TGW

The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference. See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985).

Plaintiffs/Counter-Defendants argue that Nowak has not alleged or provided any facts demonstrating that Betty Pelc, Robert Pelc and/or Advantage Trim & Lumber of Florida, Inc. intentionally and without justification interfered with Nowak's relationship with a hosting company. Plaintiffs/Counter-Defendants further argue that Nowak's claim for tortious interference is dependent on Nowak's defamation claim, and, under Florida law, the single publication/single action rule does not permit multiple actions when they arise from the same publication upon which a failed defamation claim is based. See Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp., 831 So.2d 204, 208 (Fla. 4th DCA 2002). If the defamation claim fails, the other counts based on the same publication must fail as well, because the same privileges and defenses apply. Id.

After consideration, for the above reasons, the Court grants Plaintiffs'/Counter-Defendants' Motion for Summary Judgment as to Count II. Accordingly, it is

**ORDERED** that Plaintiffs'/Counter-Defendants' Motion for Summary Judgment is **granted** as to Defendant/Counter-Plaintiff Nowak's Counterclaim (Dkt. 58).

Case No. 8:11-CV-79-T-17TGW

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 22nd day of June, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record