UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, etc.,
et al.,

      Plaintiffs,

v.                                   CASE NO.  8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,
et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt.  60   Motion for Summary Judgment
Dkt.  62   Motion for Leave to File Reply


Plaintiffs Betty Pelc, Robert Pelc and Advantage Trim & Lumber of Florida, Inc.
move for entry of summary judgment as to Defendant John Jerome Nowak's liability on
the following counts of the Amended Complaint (Dkt. 39):

| | |
|---|---|
| Count I | Defamation |
| Count V | Invasion of Privacy |
| Count VI | Federal Trademark Infringement |
| Count VII | Federal Unfair Competition |
| Count XII | Common Law Trademark Infringement |
| Count XIII | Common Law Unfair Competition |

Defendants Joshua Fella and Softlayer Technologies, Inc. were voluntarily
dismissed from this case without prejudice.  (Dkt. 77).

Case No. 8:11-CV-79-T-17TGW

In the Amended Complaint, Plaintiffs seek entry of judgment against Defendant Nowak as follows:

> 1.  Granting preliminary and permanent injunctive relief against Defendant Nowak, his agents, servants and employees, and against any and all persons, firms or corporations with whom Defendant has acted in concert who receive actual notice of the order by personal service or otherwise, enjoining them from directly or indirectly engaging in any of the illegal, unauthorized, and wrongful acts complained of herein and granting such other injunctive relief which the circumstances may require in order to protect Plaintiffs' interests;
>
> 2.  An award of compensatory damages in the amount of One Million Dollars ($1,000,000.00);
>
> 3.  An award of statutory damages including but not limited to: (1) Defendant's profits, (2) damages sustained by Plaintiffs and (3) the costs of this action;
>
> 4.  An award of exemplary and punitive damages;
>
> 5.  An award of attorneys' fees and court costs expended;
>
> 6.  Other relief as the Court deems proper.

Defendant Nowak did not appear for the pretrial conference, and did not respond to the Court's Order to Show Cause.  The Court has stricken Defendant's Answer. After consideration, the Court denies Defendant's Motion for Leave to File Reply (Dkt. 62) as moot.

I.  Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and

2

Case No. 8:11-CV-79-T-17TGW

disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of
> summary judgment after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are

material and which facts are...irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).   All reasonable doubts about the facts and all justifiable inferences are

resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112,

1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable

jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248.

But, "[i]f the evidence is merely colorable...or is not significantly probative...summary

judgment may be granted."  Id. at 249-50.

II. Undisputed Facts

The Court adopts and incorporates Plaintiffs' Statement of Undisputed
Facts, which is attached to this Order for reference.

III. Discussion

A. Count I - Defamation

The requirements of defamation are: 1) publication; 2) falsity; 3) actor must act

Case No. 8:11-CV-79-T-17TGW

with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; 4) actual damages; and 5) statement must be defamatory. <u>Jews for Jesus, Inc. v. Rapp</u>, 997 So.2d 1098, 1106 (Fla. 2008). "[D]efamation by implication is a well-recognized species of defamation that is subsumed within the tort of defamation." <u>Id</u>. at 1108. Defamation <u>per se</u> is when a communication "imputes to another (a) a criminal offense amounting to a felony..." <u>Campbell v. Jacksonville Kennel Club</u>, 66 Do.2d 495, 497 (Fla. 1953). As to defamation <u>per se</u>, malice is presumed, as are general damages. <u>Lawnwood Medical Center v. Sadow</u>, 43 So.3d 710, 727 (Fla. 4th DCA 2010).

Defendant Nowak posted statements on his website that Plaintiff Betty Pelc was guilty of the "criminal negligent homicide" of Eleanor Pelc. Defendant Nowak sent the statements to the Attorney General of Florida. Defendant Nowak made similar statements in documents that Defendant Nowak sent to all the state senators of Florida, the Attorney General of Florida, the governor of Florida, the Federal Bureau of Investigation in Florida and New York, and the media.

The Court notes that Plaintiff Betty Pelc has not been charged with homicide of, manslaughter of, or aggravated manslaughter of Eleanor Nowak. There have been no findings or accusations by a Florida court, the State of Florida or other authorities that Plaintiff Betty Pelc was culpably or criminally negligent in Plaintiff's care of Eleanor Nowak. Plaintiff Betty Pelc was not Eleanor Nowak's primary caregiver (Dkt. 60-10).

Defendant Nowak does not have any substantive evidence that could be presented to a jury as to Defendant Nowak's claim that Plaintiff Betty Pelc committed "criminal negligent homicide." Assuming that Defendant Nowak believed that Defendant Nowak's statements were true, Defendant Nowak acted with negligence or reckless disregard for his statements when publishing them, as Defendant Nowak did not have any actual evidence supporting Defendant Nowak's statements.

Case No. 8:11-CV-79-T-17TGW

After consideration, the Court finds that Defendant Nowak's statements constitute defamation per se. General damages are presumed, and Plaintiff Pelc asserts that Plaintiff Pelc has been injured as a result of Defendant Nowak's statements. The Court **grants** Plaintiffs' Motion for Summary Judgment as to Count I. This case is scheduled for a bench trial as to damages.

B. Count V - Invasion of Privacy

Under Florida law, the tort of invasion of privacy by public disclosure of private facts is established by showing: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern. Tyne v. Time Warner, 204 F.Supp.2d 1338. 1344 (M. D. Fla. 2002)(citing Cape Publications, Inc. v. Hitchner, 549 So.2d 1374 (Fla. 1989).

Defendant Nowak publicly posted on Defendant's website private facts about Defendant Nowak's molestation of Plaintiff Betty Pelc when Plaintiff was a child. Plaintiffs argue that such facts are offensive to a reasonable person, that neither Plaintiff Pelc nor Defendant Nowak is a public figure, and due to the passage of time, the public has no interest in the facts and will not benefit from them. Based on the undisputed facts, Plaintiffs seek entry of summary judgment as to Count V.

After consideration, the Court **grants** Plaintiffs' Motion for Summary Judgment as to Count V. This case is scheduled for a bench trial as to damages.

C.  Count VI -  Federal Trademark Infringement
    Count VII -  Federal Unfair Competition
    Count XII  - Common Law Trademark Infringement
    Count XIII - Common Law Unfair Competition

    15 U.S.C. Sec. 1125(a) provides a federal cause of action for unfair competition.

5

Case No. 8:11-CV-79-T-17TGW

There are similarities between the analysis required for trademark infringement (15 U.S.C. Sec. 1114) and for unfair competition. However, the unfair competition claim is broader. Playboy Enterprises, Inc. v. Frena, 839 F.Supp. 1552, 1562 (M. D. Fla. 1993). "15 U.S.C. Sec. 1125(a) is designed to protect against a broader range of deceptive or unfair trade practices that 15 U.S.C. Sec. 1114. In addition, both sections require the same test to determine whether the particular actions complained of are violative of their terms....Thus, as a general rule, the same set of facts which support an action for trademark infringement also support an action for unfair competition." Id. The analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim. Gift of Learning Foundation, Inc. v. TGC, Inc., 329 F.3d 792, 802 (11th Cir. 2003).

Under 15 U.S.C. Sec. 1114(1)(a), federal trademark infringement involves:

> "Any person who shall, without the consent of the registrant....use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive....shall be liable in a civil action by the registrant for the remedies hereinafter provided."

Under 15 U.S.C. Sec. 1125(a)(1), federal unfair competition arises when

> "Any person who, on or in connection with any goods or services....uses in commerce any word, term, name, symbol, or device, or any combination thereof....which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person."

Plaintiffs argue that Defendant Nowak, without the consent of Plaintiffs, used

Case No. 8:11-CV-79-T-17TGW

Plaintiffs' federally registered trademarks "Advantage Trim & Lumber" and "IPEDepot" in the meta-tags and HTML tags of webpages on Defendant's website. Plaintiffs further argue that Defendant Nowak used Plaintiffs' trademarks to attract to his website Internet users who were searching for Plaintiffs' business. Defendant Nowak solicited donations on his website, and provided informational services regarding religious beliefs and teachings. Plaintiffs argue that Defendant Nowak's use of Plaintiffs' trademarks was to lure Plaintiffs' customers and prospective customers to his website, then to target them with Defendant's donations and informational services. Plaintiffs argue that Defendant's use of Plaintiffs' trademarks was "in commerce," was used "in connection with" the goods and services offered on the website, and was likely to cause confusion, mistake or deception to visitors who were searching for Plaintiffs' businesses. See Cable News Network, L.P., L.L.L.P v. CNNNews.com, 177 F.Supp.2d 506, 517-518 (E.D. Va. 2001), aff'd in part and rev'd in part on other grounds, 56 Fed. Appx. 599, 2003 WL 152846 (4th Cir. 2003); United We Stand America, Inc. v. United We Stand, America New York, Inc., 128 F.3d 86, 89 (2d Cir. 1997); North American Medical Corp. v. Axiom Worldwide, 522 F.3d 1211, 1222 (11th Cir. 2008).

The Court notes that Defendant Nowak has admitted to using Plaintiffs' trademarks in his Website's meta-tags without Plaintiff's permission, for the purpose of attracting Plaintiffs' customers and potential customers to the Website. (Dkt. 60, par. 11, Dkt. 60-1, p. 49).

After consideration, the Court **grants** Plaintiffs' Motion for Summary Judgment as to Counts VI, VII, XII and XIII. This case is scheduled for a bench trial as to damages. Accordingly, it is

Case No. 8:11-CV-79-T-17TGW

ORDERED that Plaintiffs' Motion for Summary Judgment as to liability on Counts I, V, VI, VII, XII and XIII is **granted**.  Defendant's Motion for Leave to File Reply is **denied** as moot.

DONE and ORDERED in Chambers, in Tampa, Florida on this 2nd day of July, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record