UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, et al.,

    Plaintiffs,

v.                                      Case No.: 8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,

    Defendants.
_____/

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, Betty Pelc, Robert Pelc, and Advantage Trim & Lumber of Florida, Inc. ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Fed. R. Civ. P. 54(d)(2) and 15 USC § 1117(a) hereby move for attorneys' fees in the amount of $85,647.37. In support thereof, Plaintiffs state as follows

**I.    Introduction**

Plaintiffs filed their complaint on January 11, 2011 (Doc. 1). The course of litigation included Defendant John Jerome Nowak's motion to dismiss (Doc. 11), Plaintiffs' amended complaint (Doc. 39), Plaintiffs' motion for default (Doc. 42), Plaintiffs' motion for default judgment (Doc. 44), Defendant's motion to set aside default (Doc. 45), Plaintiffs' motion to compel discovery responses from Defendant (Doc. 46), Defendant's belated counterclaim (Doc. 49), Plaintiffs' motions for summary judgment as to their amended complaint (Doc. 60) and to the counterclaim (Doc. 58), and Defendant's failures to file responsive documents.

1

On July 2, 2012, this Court granted summary judgment in favor of Plaintiffs as to their amended complaint, which included causes of action for federal trademark infringement and federal unfair competition (Doc. 91).

On July 16, 2012, the parties went to trial on the issue of damages. The Court ruled in favor of Plaintiffs against Defendant, issuing a permanent injunction against Defendant (Doc. 110) and awarding Plaintiffs monetary damages (Doc. 109).

Pursuant to Fed. R. Civ. P. 54(d)(2)(A), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

**II.     Argument**

**A.     15 USC § 1117 Entitles Plaintiffs to Attorneys' Fees and Costs.**

15 USC § 1117 provides for an award of attorneys' fees to a prevailing party. "When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125 (a) or (d) of this title, or a willful violation under section 1125 (c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled ... to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. 15 U.S.C. §1117(a). Additionally,

"[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 USC § 1117(a)(3). "An exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *North Am. Clearing, Inc. v. Brokerage Computer Sys. Inc.*, 688 F. Supp.2d 1336 (M.D. Fla. 2010) (quoting *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001)).

Bad faith exists in this case. Plaintiff Advantage Trim & Lumber of Florida, Inc. owns two federally registered trademarks, "Advantage Trim & Lumber" and "IPEDepot," which Defendant used in the meta-tags and HTML tags of his website. Doc. 91, p. 7. The Court held that Defendant's use of these trademarks in his website's metatags and HTML tags was "in commerce," was done without permission, and was likely to cause confusion, mistake, or deception to visitors searching for Plaintiff Advantage Trim & Lumber of Florida, Inc.; thus Defendant violated federal trademark and unfair competition law. *Id.* "Bad faith" is demonstrated because, as the Court noted, Defendant *admitted* to using Plaintiff Advantage Trim & Lumber of Florida, Inc.'s trademarks in his website's metatags without permission for the purpose of attracting its customers and potential customers to his website. *Id.* Furthermore, as held by the Court, Defendant also used his website to defame Plaintiff Betty Pelc, notably by falsely claiming that she was guilty of the "criminal negligent homicide" of their mother, and to publicly reveal private information about her. Doc. 91, pp. 4-5. Thus, Defendant's use of Plaintiff Advantage Trim & Lumber of Florida, Inc.'s trademarks to lure visitors to his website was undertaken in bad faith, and this case should be considered "exceptional," warranting an award of attorneys' fees.

### B. Plaintiffs Should Be Awarded $85,647.37 in Attorneys' Fees.

The United States Supreme Court has held that the "lodestar" method is the "guiding light" for awarding attorneys' fees under federal fee shifting statutes. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010), *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002). Under the lodestar method, "the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A]n applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Am. Charities Fundraising Reg. v. Pinellas County*, 278 F.Supp.2d 1301, 1310 (M.D. Fla. 2003) (citing *Norman*, 836 F.2d at 1299). "In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services." *Id.* (citing *Norman*, 836 F.2d at 1303). After reasonable fees have been determined, "[t]he next step in the lodestar analysis is to determine what hours were reasonably expended on the litigation. In calculating this, the court should exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims." *Id.* at 1314.

In this case, Plaintiffs retained two law firms to represent them, lead counsel from Virginia and local counsel from Tampa. These firms' hourly rates and expended hours are outlined in Exhibits 1 and 2, which are respectively affidavits from Domingo J. Rivera and J. Todd Timmerman. Attached as Exhibit 3 is an affidavit from attorney Michael J. Colitz, III

regarding the reasonableness of Plaintiffs' attorneys' rates and hours. Rivera Law Group billed $63,396.45 for their attorneys' services and expenses in connection with the trademark and unfair competition claims of this action, reflecting 237.4 hours of work. Shumaker, Loop & Kendrick, LLP billed $22,250.92 for their firm's services and expenses, reflecting 64.8 hours of work.

The attorneys' work in this case focused primarily on the defamation, tortious interference, invasion of privacy, trademark infringement, and unfair competition claims, although the motion for summary judgment focused solely on the defamation, invasion of privacy, trademark infringement, and unfair competition claims. Plaintiffs did not focus on the causes of action pertaining to other defendants, who were later voluntarily dismissed from the case (e.g., Counts VIII through XI and XIII) (Doc. 77). Plaintiffs succeeded on the defamation, invasion of privacy, trademark infringement, and unfair competition claims. As attorneys' fees in this case are limited to the trademark infringement and unfair competition claims, the hours have been adjusted accordingly.

## III. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court award them attorneys' fees and costs in the amount of $85,647.37.

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire
Local Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660
Attorneys for Plaintiffs, Betty Pelc, Robert Pelc, and Advantage Trim & Lumber of Florida, Inc.

Domingo J. Rivera, Esq. (VSB # 71407) – *admitted pro hac vice*
*Domingo J. Rivera, Attorney at Law, PLC*
4870 Sadler Road, Suite 300
Glen Allen, VA 23060
Phone: (804) 332-6585
Fax:   (866) 651-2004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send electronic filing to all counsel of record. Pursuant to Federal Rule of Civil Procedure 5(b)(2), on October 17, 2012, I also mailed a copy, via U.S. Mail, first class postage prepaid, to:

John Jerome Nowak
140 Leonard Street
Lackawanna, New York, 14218

/s/ J. Todd Timmerman
J. Todd Timmerman, Esquire
Local Counsel