UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, et al.,

    Plaintiffs,

v.    CASE NO. 8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,
et al.,

    Defendants.
_____/

ORDER

This cause is before the Court on:

Dkt. 113   Motion for Attorneys' Fees and Costs

Plaintiffs move for the award of attorneys' fees in the amount of $85,647.37 pursuant to Fed. R. Civ. P. 54(d)(2) and 15 U.S.C. Sec. 1117(a). The supporting exhibits include the Affidavit of Domingo Rivera, Esq., Plaintiff's lead counsel in Virginia, with a detailed summary of the legal services performed, the Affidavit of local counsel J. Todd Timmerman, Esq., with a detailed summary of the legal services performed, and the affidavit of Michael J. Colitz, III, Esq., as to the reasonableness of the amount of attorneys' fees Plaintiffs have requested .

Defendant Nowak did not file a response in opposition to Plaintiffs' Motion, or request additional time to respond.

I. Discussion

Fed. R. Civ. P. 54(d)   **Costs; Attorney's Fees** provides:

Case No. 8:11-CV-79-T-17TGW

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> **(2) Attorney's Fees.**
>
>> **(A) Claim to Be by Motion.** A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>>
>> **(B) Timing and Contents of Motion.** Unless a statute or a court order provides otherwise, the motion must:
>> (i) be filed no later than 14 days after the entry of judgment;
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (iii) state the amount sought or provide a fair estimate of it; and
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made......

In this case, the Final Judgment, Permanent Injunction and Order of Dismissal were entered on October 3, 2012, and Plaintiffs' Motion for Attorney's Fees and Costs was filed on October 17, 2012.

The Court notes that Plaintiffs did not file a Bill of Costs as to Plaintiffs' taxable costs, in accordance with 28 U.S.C. Sec. 1920. The affidavit of local counsel states only:

Case No. 8:11-CV-79-T-17TGW

> 4. Since December 14, 2010, SLK has billed Plaintiffs the total sum of $22,250.92 for attorney's services and expenses in connection with the trademark and unfair competition claims in this action. This amount reflects 64.8 hours of attorneys' and paralegals' time. This total sum is fair and reasonable and accurately reflects the fees incurred by Plaintiffs with SLK in this action."

28 U.S.C. Sec. 1924 provides:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The Bill of Costs form includes a Declaration that fulfills the verification requirement of 28 U.S.C. Sec. 1924. The Bill of Costs also requires itemization and documentation for requested costs in all categories.

The Colitz Affidavit states that:

> 19. The Affiant believes that the total fees sought for reimbursement as reflected in Exhibits A and B were necessarily incurred in the successful prosecution of this case.

Plaintiffs have included costs for which Plaintiffs seek recovery in Exhibits A and B.

The correct procedure to obtain an award of taxable costs is by filing a Bill of Costs. In this case, the Court will consider the taxable costs included in Plaintiffs' Motion.

A. 15 U.S.C. Sec. 1117(a)

Case No. 8:11-CV-79-T-17TGW

The Court entered summary judgment in favor of Plaintiffs on Counts I (Defamation), V (Invasion of Privacy), VI (Federal Trademark Infringement), VII (Federal Unfair Competition), XII (Common Law Trademark Infringement) and XIII (Common Law Unfair Competition). (Dkt. 91). Thereafter, the Court conducted a bench trial on damages. After the trial, a final judgment for money damages was entered in favor of Plaintiffs and against Defendant, and a permanent injunction was entered. (Dkts. 109, 110). Plaintiffs are the prevailing parties in this case.

1. Attorney's fees

a. Entitlement

Plaintiffs seek $83,270.00 in attorneys' fees and $2,377.37 in costs. Under the Lanham Act, attorneys' fees are recoverable only in "exceptional cases." 15 U.S.C. Sec. 1117(a). An exceptional case is one that can be characterized as "malicious, fraudulent, deliberate and willful," or one in which "evidence of fraud or bad faith" exists. See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001). "Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994)(citation omitted).

Plaintiffs argue that bad faith is demonstrated because Defendant Nowak admitted using Plaintiff Advantage Trim & Lumber of Florida, Inc.'s trademark in his website's metatags without permission for the purpose of attracting its customers and potential customers to Defendant's website. Plaintiffs also point out that the Court held that Defendant used his website to defame Plaintiff Betty Pelc by falsely claiming that she was guilty of the "criminal negligent homicide" of their mother, and to publicly reveal private information about Plaintiff Betty Pelc. (Dkt. 91, pp. 4-5).

Case No. 8:11-CV-79-T-17TGW

After consideration, the Court finds that there is evidence of Defendant's bad faith, this case is an exceptional case, and Plaintiffs are entitled to the award of reasonable attorney's fees under the Lanham Act.

b. Amount

In evaluating Plaintiffs' request for attorneys' fees, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. Loranger v. Stierham, 10 F.3d 776, 781 (11th Cir. 1994). The Court also determines whether an adjustment to the lodestar is necessary based on the results obtained. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The computation of a fee award is an exercise of judgment; there is no precise rule or formula for making [such] determinations. Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001). The Court itself is "an expert on the question [of attorney's fees] and may consider its own knowledge an experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

1. Reasonable Hourly Rates

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299 (citations omitted). The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested

5

Case No. 8:11-CV-79-T-17TGW

rate is in line with prevailing market rates," which requires more than an affidavit from the attorney performing the work. Id. The Court may consider direct evidence of rates for similar services or opinion evidence about rates, as well as its own expertise and judgment. Id. The Court may also consider the twelve factors adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Hensley, 461 U.S. at 430.

The Johnson factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the degree of skill necessary to serve the client properly; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount of damages involved and the relief or results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the attorney's professional relationship with the client; and 12) awards in similar cases. Johnson, 488 F.2d at 717-19.

This does not throw any light on whether the hourly rates charged are reasonable in comparison to the prevailing market rate in the Middle District of Florida. The Court has reviewed the affidavits of counsel, which summarize the qualifications and experience of those who performed the legal services. After consideration of the Colitz affidavit, and the experience and skill of counsel who performed work in this case, the Court finds that the hourly rates charged are reasonable.

2. Hours Reasonably Expended

A determination of the hours reasonably expended by counsel should exclude those hours that are "excessive, redundant, or otherwise unnecessary" and the time expended on "discrete and unsuccessful claims". Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434). In Plaintiffs' Motion, Plaintiffs acknowledge that Plaintiffs

Case No. 8:11-CV-79-T-17TGW

succeeded on the claims for defamation, invasion of privacy, trademark infringement and unfair competition claims but, as attorneys' fees in this case are limited to the trademark infringement and unfair competition claims, the hours have been adjusted accordingly.

The Court notes that the Colitz Affidavit relies in part on the bi-annual economic survey of the American Intellectual Property Law Association; the survey identifies nationwide "means" for trademark litigation; this case is below the nationwide mean total of approximately $401,000.00.

Plaintiffs employed lead counsel and local counsel. The office of lead counsel is in Virginia; Plaintiffs reside in Florida. The hours billed by Domingo Rivera, Esq. include travel time for attendance at the pretrial conference and trial. The Court notes that lead counsel specializes in Internet Law, including internet defamation and internet trademark infringement. Based on the nature of the claims, the Court finds the inclusion of travel time to be reasonable, and has not reduced the attorney's fees requested.

An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. Ward v. Kelly, 515 F.2d 908, 912 n. 11 (5th Cir. 1975). The Court has not excluded any fees due to duplication of effort.

The Court notes that the affidavit of local counsel includes paralegal work. (8.9 hours, $1,919.00). Paralegal work is recoverable only to the extent that the paralegal performs work traditionally done by an attorney. Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). Work that is clerical or secretarial in nature is not separately recoverable. Scelta v. Delicatessen Support Services, Inc., 203 F.Supp.2d 1328, 1334 (M.D. Fla. May 13, 2002)(citing Knazavich v. Siglers Auto Center, 2001 WL 1335772 at

Case No. 8:11-CV-79-T-17TGW

*3 (N.D. Ill. 2001)). Work that is appropriately compensated at a paralegal rate might include "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." Work that is purely clerical in nature, such as contacting court reporters, and mailing, filing, and delivering documents is not compensable. S.E.C. v. Kirkland, 208 WL 414424 (M.D. Fla. 6/30/2008). The Court is reducing the hours for paralegal work in the amount of 2.8 hours ($570.40) for work that appears to be clerical.

3. Fees Awarded

After the lodestar is determined, the Court next considers the necessity of an adjustment for results obtained. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). The Court has not adjusted the lodestar because Plaintiffs adjusted the hours to include only those related to the trademark infringement and unfair competition claims.

After consideration, the Court grants the Motion for Attorneys' Fees in the amount of $82,699.60 ($62,216.50 + $20,483.10).

B. Costs

Under 15 U.S.C. Sec. 1117, a prevailing plaintiff "shall be entitled...to recover...the costs of the action." The term "costs of the action" generally means those costs defined in 28 U.S.C. Sec. 1920. People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 370-71 (4th Cir. 2001).

Plaintiffs seek reimbursement for travel expenses in the amount of $1,179.95 (Dkt. 113-1, p. 10) and litigation costs in the amount of $1,197.42. (Dkt. 113-3, p. 17).

Case No. 8:11-CV-79-T-17TGW

Under the Lanham Act, Plaintiffs are entitled to recover the costs of the action "subject to the principles of equity." 15 U.S.C. Sec. 1117(a). Rule 54(d), Fed. R. Civ. P., allows recovery of those costs enumerated in 28 U.S.C. Sec. 1920. <u>Arlington Cent. Sch. Bd. of Educ. v. Murphy</u>, 548 U.S. 291, 301 (2006). Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiffs seek reimbursement for the following litigation costs:

| | |
|---|---:|
| Filing Fee | $350.00 |
| Service of Process | 40.00 |
| Court Costs | 10.00 |
| Document Reproduction | 408.20 |
| Color Document Reproduction | 223.20 |
| Federal Express | 40.82 |
| PACER/Federal District Court Electronic Access | 42.25 |
| Long Distance Telephone | 2.70 |
| Long Distance Telephone: 18043326585 | .20 |

Case No. 8:11-CV-79-T-17TGW

Westlaw Court Document Searches        80.05

The Court has limited discretion in awarding costs, and is permitted to tax only those items specified in Sec. 1920, unless authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987). The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. Global Patent Holdings, LLC v. Panthers BRHC LLC, 2009 WL 1809983 *2 (S.D. Fla. 2009). Failure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

Travel expenses such as air fare and lodging are not recoverable expenses under Section 1920. Gary Brown & Associates, Inc. v. Ashdon, 268 Fed. Appx. 837, 846 (11th Cir. 2008).

Photocopying is considered a taxable cost pursuant to Section 1920(4) if the copies were "necessarily obtained for use in the case." Plaintiffs have made no showing that the document reproduction costs were necessarily obtained for use in the case, and the Court has no means of determining what percentage, if any, of the document reproduction costs are allowable under Section 1920(4). Therefore, the document reproduction costs of $631.40 will not be taxed against Defendant Nowak.

Postage, computer research and telephone charges are not recoverable under Sec. 1920. Tiramisu Intern. LLC v. Clerver Imports LLC, 741 F.Supp.2d 1279, 1298 (S.D. Fla. 2010). Therefore, the Court is reducing the award of taxable costs as to the Federal Express charge of $40.82 , the Westlaw charge of $80.05, the PACER charge of $42.25, and the telephone charges of $2.90, ($166.02). The Court grants the

Case No. 8:11-CV-79-T-17TGW

Motion For Costs in the amount of $400.00; taxable costs of $400.00 are awarded in favor of Plaintiffs and against Defendant Nowak.  Accordingly, it is

**ORDERED** that the Motion for Award of Attorneys' Fees and Costs is **granted** in the amount of $83,099.60 ($82,699.60 + $400.00) in favor of Plaintiffs and against Defendant John Jerome Nowak.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

11