UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PELC, et al.,

    Plaintiffs,

v.                                    CASE NO.  8:11-CV-79-T-17TGW

JOHN JEROME NOWAK,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 132   Motion for Sanctions
Dkt. 136   Response
Dkt. 142   Motion for Court Order
Dkt. 143   Motion for Court Order
Dkt. 149   Motion to Vacate
Dkt. 150   Motion to Amend Motion to Vacate

      On October 3, 2012, a Final Judgment in favor of Plaintiffs and a Permanent Injunction were entered in this case after a non-jury trial. (Dkts. 109, 110).  On March 19, 2014, Defendant Nowak filed a Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(3), based on fraud, misrepresentation or misconduct by the opposing party.

      Fed. R. Civ. P. 60(c)(1) provides that a motion filed pursuant to R. 60(b)(3) may be filed no more than a year after entry of the judgment or order.  After consideration, the Court **denies** the Motion to Vacate (Dkt. 149) because it is not timely.  The Court **denies** the Motion to Amend Motion to Vacate (Dkt. 150) as moot.

Case No. 8:11-CV-79-T-17TGW

A.   Dkt. 132  Motion for Sanctions
     Dkt. 136  Response

Defendant Nowak seeks the entry of sanctions against Plaintiffs' counsel, Domingo J Rivera, Esq., and Shumaker, Loop & Kendrick, LLP.

The Court has the inherent power to sanction parties, lawyers, or both for engaging in conduct that abuses the judicial process; the Court may sanction non-parties for bad faith conduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). The inherent power of the Court can be invoked even if procedural rules exist which sanction the same conduct.  The Court's inherent powers include the power to control and discipline attorneys appearing before the Court, and to suspend attorneys who practice before the Court.

Litigants and their counsel who unreasonably and vexatiously multiply the proceedings in any case may be sanctioned under 28 U.S.C. Sec. 1927.  An attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must...needlessly obstruct the litigation of a non-frivolous claim.  Amlong & Amlong v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2007). Negligent conduct, standing alone, will not support a finding of bad faith under Sec. 1927. Id., at 1241, 1242.

The Court may impose sanctions for violation of Fed. R. Civ. P. 11 against an attorney, law firm, or party.   Rule 11 subjects to sanctions any lawyer who files a pleading, motion or other paper that is frivolous or lacks evidentiary support.  Rule 11 sanctions must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.

Defendant Nowak seeks the imposition of monetary sanctions in the amount $96,000.00 and disbarment against Domingo J. Rivero., Esq.  Defendant Nowak seeks

Case No. 8:11-CV-79-T-17TGW

the imposition of monetary sanctions against Shumaker, Loop & Kendrick, LLP between $100,00.00 and $1,000,000.00.

Plaintiffs respond that Defendant's Motion for Sanctions should be denied, as it has no basis in fact or law.

Defendant Nowak has not specified the source of the Court's authority for the imposition of sanctions Defendant requests. Defendant does not allege compliance with the procedural requirements of Rule 11. Defendant Nowak has not alleged that counsel has multiplied the proceedings unreasonably and vexatiously. The Court understands Defendant's Motion for Sanctions to be brought pursuant to the Court's inherent powers.

The Court notes that most of Defendant's complaints about counsel have been previously presented to the Court, but did not justify the relief sought. For example, Defendant argues that Plaintiffs sought improper discovery, but the Court granted Plaintiffs' Motion to Compel. (Dkts. 50, 56). Defendant Nowak's Answer, in which Defendant accused counsel of defamation, was stricken after Defendant did not participate in pretrial proceedings or respond to the Court's June 20, 2012 Order. (Dkt. 90). The Court ruled on the merits of Plaintiffs' claims, granted summary judgment in favor of Plaintiffs as to liability, and thereafter entered a final judgment as to damages in favor of Plaintiffs, following a full and fair trial. Defendant Nowak has not cited authority justifying the award of sanctions or demonstrated that sanctions are warranted under the circumstances.

After consideration, the Court **denies** Defendant's Motion for Sanctions. (Dkt. 132).

Case No. 8:11-CV-79-T-17TGW

B.    Dkt. 142   Motion for Court Order
       Dkt. 143   Motion for Court Order

     A final judgment has been entered in this case.  The Court notes that there has been a partial dismissal of Defendant's appeal; an appeal may proceed only on the Court's Order on Motion for Attorney's Fees.  (Dkt. 144).

     To the extent that the Orders that Defendant requests involve the efficacy of the underlying judgment, the Court denies the Motions as moot.  The Court does not understand how the Orders would relate to the pending appeal of the Order on Motion for Attorney's Fees.

     After consideration, the Court **denies** the Motions for Court Orders as moot. (Dkts. 142, 143).

     **DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of September, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record